IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

VIRGIL B. COLE, III                                                                                      PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 3:07-cv-382-TSL-JCS

HINDS COUNTY BOARD OF SUPERVISORS,
HINDS COUNTY SHERIFF'S DEPARTMENT,
CHARLES BARBOUR, DOUGLAS DOUG ANDERSON,
PEGGY HOBSON, RONNIE CHAPPELL,
GEORGE SMITH, UNKNOWN RUSHING, AND
MALCOLM MCMILLIAN                                                                               DEFENDANTS

## ORDER

Upon consideration of the conditions of confinement complaint submitted according to 42 U.S.C. § 1983 the court makes the following findings and conclusions. Plaintiff Virgil B. Cole, III, an inmate incarcerated at the Hinds County Detention Center, Raymond, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983 seeking monetary damages against defendants Hinds County Board of Supervisors, Hinds County Sheriff's Department, Charles Barbour, Douglas Doug Anderson, Peggy Hobson, Ronnie Chappell, George Smith, Unknown Rushing and Malcolm McMillian.

The court notes that the style of the case includes "The Hinds County Sheriff's Department" ("Sheriff's Department") as a defendant. However, absent any showing by the plaintiff that the Sheriff's Department enjoys a separate legal existence than that of the county under Mississippi state law, this court concludes that the Sheriff's Department is not a proper party to this lawsuit. Whiting v. Tunica County, et al., 222 F.Supp.2d 809, 825 (N.D.Miss. July 19, 2002) (citing Darby v. Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir.1991)). This court concludes that the Hinds County Sheriff's Department should be dismissed.

Further, the plaintiff in his response [14] to this court's order [10] requested that the Mississippi Department of Corrections be added as a defendant. However, the plaintiff cannot maintain this civil action against the Mississippi Department of Corrections. The Mississippi Department of Corrections is responsible for managing and operating the correctional system for the State of Mississippi, MISSISSIPPI CODE ANNOTATED § 47-5-1 (1972). As such, naming as a defendant the Mississippi Department of Corrections is like naming the State of Mississippi as a defendant. The United States Supreme Court has held that a State is not a "person" within the meaning of § 1983. Will v. Michigan Department of State Police, 491 U.S. 58 (1989).

In addition, in his response [14] to this court's order [10] plaintiff informed this court that defendant Unknown Rushing's full name is Mary Rushing. Accordingly, it is hereby,

ORDERED:

1. That Hinds County Sheriff's Department will be dismissed as a defendant in this action.

2. That defendant Unknown Rushing's full name is Mary Rushing.

3. That the plaintiff within twenty days of the date of this order shall provide this court with the civil action number of every civil action or appeal which the plaintiff has had dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted. Plaintiff shall also provide the name of the court and name(s) of defendant(s) in each civil action identified.

4. That the United States District Clerk is hereby directed to issue summons on the defendants:

HINDS COUNTY BOARD OF SUPERVISORS[1]
c/o Hinds County Chancery Court Clerk
316 South President Street
Jackson, Mississippi 39201

CHARLES BARBOUR
c/o Bill McGowain
407 East Pascagoula
Jackson, Mississippi 39201

DOUGLAS DOUG ANDERSON
c/o Bill McGowain
407 East Pascagoula
Jackson, Mississippi 39201

PEGGY HOBSON
c/o Bill McGowain
407 East Pascagoula
Jackson, Mississippi 39201

RONNIE CHAPPELL
c/o Bill McGowain
407 East Pascagoula
Jackson, Mississippi 39201

GEORGE SMITH
c/o Bill McGowain
407 East Pascagoula
Jackson, Mississippi 39201

MARY RUSHING
c/o Bill McGowain
407 East Pascagoula
Jackson, Mississippi 39201

MALCOLM MCMILLIAN
c/o Bill McGowain
407 East Pascagoula
Jackson, Mississippi 39201

---

[1] Service of process for the Board of Supervisors is proper on the Clerk of the Board of Supervisors, which is the Chancery Court Clerk.  See Rule 4(j)(2) of the Federal Rules of Civil Procedure and Rule 4(d)(6) of the Mississippi Rules of Civil Procedure.

Each defendant is required to file a response to the complaint. The Clerk is directed to attach a copy of this Order, correspondence [6] from plaintiff filed August 8, 2007, Attachment of Statement of Claim [7] filed August 20, 2007, this court's order [10] filed August 24, 2007, plaintiff's response [11] filed September 4, 2007, Attachment of Statement of Claim [12] filed September 6, 2007, plaintiff's response [13] to this court's order [8] filed September 6, 2007, plaintiff's response [14] to this court's order [10] filed September 6, 2007, memorandums from inmates [15] filed September 10, 2007, plaintiff's memorandum [16] filed September 24, 2007, plaintiff's memorandum inmate program request form [17] filed September 24, 2007 and plaintiff's inmate program request form [18] filed September 24, 2007, to each complaint that will be served on the named defendants. The United States Marshal shall serve the same pursuant to 28 U.S.C. § 1915(d).

 5. That the defendants shall file their answer or other responsive pleading in this cause in accordance with the *Federal Rules of Civil Procedure* and the Local Rules of this Court.

 6. That subpoenas shall not be issued except by order of the court. The United States District Clerk shall not issue subpoenas upon request of the *pro se* litigant, but shall instead forward the request to the Magistrate Judge assigned to this cause for review. The plaintiff shall submit all request for the issuance of subpoenas to the Magistrate Judge's office for review.

 **The plaintiff should understand that this order allowing process to issue against the above named defendants does not reflect any opinion of this court that the claims contained in the complaint will or will not be determined to be meritorious.**

 **It is the plaintiff's responsibility to prosecute this case. Failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a**

**purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case.**

SO ORDERED, this the 1st day of October, 2007.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE